Banks, J.
This is a matter in the Waltham Division involving a plaintiff homeowner and defendant contractors. The parties entered into a contract under which the contractors were to build a staircase for an agreed price of $18,200.00. The contract was entered into on August 14,1986 for payment in increments of 30% “at approval”, “at middle”, “near complete” and, 10% at completion.” A deposit of $3,000.00 was asked for and received by the contractors. No other payments were ever received by the contractors.
Immediately after the commencement of the work, a dispute arose between the parties over the materials to be used and within a few days thereafter the homeowner employed another contractor for the work. The plaintiff has brought suit for the return of his $3,000.00 deposit, and the defendant has counterclaimed for $6,000.00 in lost profit. The only significant evidence reported from the trial upon this claim of appeal was defendant's testimony that the job had been undertaken under time constraints and that he had, accordingly, included in his contract price a “handsome” profit of $3,000.00. It appears that at trial the contractors limited their claim for damages to the $3,000.00 estimated profit. The court's finding was for the defendant upon the claim for return of deposit and for the defendant-plaintiff in counterclaim for $3,000.00 in lost profit.
The appellant before this Division, plaintiff Kolokythas, has not contested the finding against him upon his claim for return of the deposit. This appeal is from the trial court's finding of damages to the contractors in’the amount of $3,000.00 in lost profits. The guiding principle in the establishment of damages for a contracting party whose performance has been stopped by the breach of the other party is that he is to be placed as nearly as possible in the same position he would have been in were it not for the breach. In extended form, this principle is set forth in John Hetherington & Sons, Ltd. v. Firth as:
that the injured party shall be placed in the'same position he would have been in, if the contract had been performed, so far as loss can be ascertained to have followed as a natural consequence and to have been within the contemplation of the parties ... and so far as compensation therefor in money can be computed by rational methods upon afirm basis of facts.
John Hetherington & Sons, Ltd. v. William Firth Co., 210 Mass. 8, 21 (1911). In the instant case, there can be no serious question that the loss to the builder upon *15 breach was contemplatible or that the losses within this straightforward, self-contained contract could be arrived at withoutrecourse to any substantial measure of speculation or surmise. The only elements to be determined at hearing on this matter were the cost of materials and of the defendants' labor. The trial court was clearly within its province in finding and awarding lost profit damages to the plaintiff in counterclaim in this matter.
There also appears to be no question as to the propriety of the measure of damages applied in this case. Appellants' request for ruling number 15 states:
Where the contractor has begun but not completed the contract because of the owners' breach, the measurement of damages is lost profit. Gaffey v. U.S. Shoe Machinery Co. 202 Mass. 48, 53. Lost profit is determined by contract price loss cost to do the work. Id.
This request was denied only insofar as it failed to reflect that additional damages and payments could constitute adjustments to the basic loss of profit represented by the difference between the contract price and the cost of the work.[2] Inasmuch as the trial court in its findings deemed the contractor to have waived any claim for damages beyond the basic profit originally estimated, the measure of damages applied by the trial court was the profit contemplated in the original estimate (defined as contract price less cost to do the work) as requested by request for ruling number 15.
The appellanthas also claimed as error the trial court's denial of requestfor ruling number 21 that:
The defendant failed to prove every element for lost profit by a preponderance of evidence whereby they are not entitled to any recovery.
The appellant appears to attempt to raise here as an issue the question of whether the trial court applied the proper measure of damages or simply accepted as lost profits a figure advanced by the plaintiffs in counterclaim without basis in underlying fact. There is no reason to suppose error on the part of the trial court in this respect. While the record is silent as to the testimony of the builder as to how he arrived at this estimate of profit on the job, he was undoubtedly entitled to testify as to the elements of that estimate. His final estimate of lost profits is, accordingly, a figure which the trial court could properly consider in arriving at damages. Moreover, in assessing damages, the trial court had before it the testimony that the time constraints of the job would entail a “handsome” profit. (In fact the profit realized upon the award of $3,000.00 amounted to approximately 16 percent. This award does not appear to be unreasonable or at variance with such facts as are reported.) Finally, it should be noted that the appellant apparently had every opportunity to elicit more specific information from the contractor on cross-examination, and that any evidence as to what costs were actually required to complete the work (if it was done) was peculiarly within the knowledge of the defendant in counterclaim. It is in this opportunity for the examination of elements underlying the present award of lost profits that this case is distinguished from White Spot Construction Corp. v. Jet Spray Cooler, Inc., 344 Mass. 632 (1962) upon which appellant relies. In that case, summary judgment for a builder was upheld but the matter returned for hearing on damages since the damages awarded could only have been arrived at by the court's acceptance of the allegation of the complaint that the builder had completed 90% of the job. In this case, there was a hearing and there is no such unexamined or unexaminable award. No useful purpose would be served by the return of this matter to the trial court for further hearing on assessment of damages.
There was no error. The trial court's judgment for the defendant is affirmed. Report dismissed.

 “Denied as partially erroneous. Where the contractor rightfully terminates the contract because of owner's breach, the measure of damages includes lost materials supplied less the amount of payment received."